The opinion of the Court was drawn up by
Davis, J.
The liability of the alleged trustee, to the principal defendant, was a collateral one, for the debt of another. Ilis contract was in writing, no copy of which is in the case. Though proved by parol, in part, we can come to no definite conclusion in regard to its terms, except that it was an agreement to pay whatever part of the principal defendant’s bill " should be adjudged by the United States Court to be a lien claim on the ship built by Francis Rhodes.”
The disclosure is very indefinite in other respects. The counsel for the plaintiff claims by it, that Rhodes, the original debtor being dead, the question, whether any libel could be sustained, was to be determined by the United States *298 Court; but that the question, whether the principal defendant’s demand was a Men claim, is now to be " adjudged” by this Court. We do not think the terms of the contract are sufficiently proved to authorize us to come to such a conclusion. But, if they had been, it would then appear that, at the time of the service of the plaintiff’s writ, it was uncertain, and contingent, whether the alleged trustee would ever be liable upon his contract. No suit could have been maintained upon it, until some tribunal had " adjudged” Erskine’s bill to be " a lien claim.” Until then, it was a " contingent” demand. Such an adjudication has never yet been made. The case, giving the contract the construction claimed by the plaintiff, is within one of the exceptions stated in section 55 of chapter 86 of the Revised Statutes; and the trustee was properly discharged.

Exceptions overruled.

Tenney, C. J., Rice, May, Goodenow and Kent, JJ., concurred.